IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

PACIFIC THOMAS CORPORATION, dba THOMAS CAPITAL, dba SAFE STORAGE,

Debtor.
_____

KYLE EVERETT, Chapter 11 Trustee,

　　Plaintiff

　v.

RANDALL WHITNEY, et al.,

　　Defendants.
_____/

No. C-13-5766 MMC

Bankruptcy Adv. Proc. No. 13-04079 MEH

**ORDER DIRECTING APPELLANT TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED FOR FAILURE TO DESIGNATE RECORD**

　　Before the Court is appellant Randall Whitney's Notice of Appeal, filed with the Clerk of the Bankruptcy Court on December 2, 2013. The Court's review of the matter indicates that appellant has failed to take any steps to designate the record on appeal, and, consequently, as set forth below, appellant will be ordered to show cause why the appeal should not be dismissed.

　　"Within 14 days after filing the notice of appeal . . . , the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on

appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8006. "Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense." Id. "If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." Id.

Here, as noted, appellant filed his notice of appeal on December 2, 2013. The docket of the bankruptcy court proceeding, however, contains no entry showing appellant has, at any time thereafter, let alone within the time required by Rule 8006, filed his designation of items to be included in the record on appeal and his statement of issues to be presented. See Everett v. Whitney, Adversary Proceeding No. 13-04079 MEH. "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground . . . for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a); see, e.g., In re Champion, 895 F.2d 490, 492 (8th Cir. 1990) (affirming dismissal of bankruptcy appeal, where appellant "failed to file either a designation of the record or a statement of issues as required by Rule 8006")

Accordingly, appellant is hereby ORDERED TO SHOW CAUSE, in writing and filed with the Clerk of the District Court no later than January 10, 2014, why the above-titled appeal should not be dismissed pursuant to Rule 8001(a).

**IT IS SO ORDERED.**

Dated: December 23, 2013

MAXINE M. CHESNEY  
United States District Judge

2